

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXX
ATTORNEY GENERAL

Honorable D. F. Witherspoon
County Attorney
Maverick County
Eagle Pass, Texas

Dear Sir:

Opinion No. O-6636
Re: Assessment, levying and collection
of taxes for maintenance of County
Hospital.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"Maverick County has a population of 10,070 inhabitants according to the 1940 Federal Census. The assessed valuation is less than 10,000,000 according to the last preceding approved of taxtual valuation of such county.

"On November 25th, 1944, there was voted and carried a bond issue for the building and equipping a county hospital in the sum of $150,000.

"1. Please state me your opinion under Article 4478, under paragraph 3, whether or not a special election or any special legislative act is necessary before the Commissioners Court, would be authorized to assess, levy and collect taxes to provide for funds for the maintenance of said hospital.

"2. Where the County's maximum constitutional amount of 0.80¢ is already being assessed.

"Does the Commissioners Court have authority to levy and collect taxes for the maintenance of said hospital over and above the constitutional amount of 0.80¢, if so the maximum amount that may be assessed levied and collected therefor."

Article 4478, Vernon's Annotated Texas Civil Statutes, reads as follows:

"The commissioners court of any county
shall have power to establish a county hospital
and to enlarge any existing hospitals for the
care and treatment of persons suffering from any
illness, disease or injury, subject to the pro-
visions of this chapter. At intervals of not
less than twelve months, ten per cent of the
qualified property tax paying voters of a county
may petition such court to provide for the estab-
lishing or enlarging of a county hospital, in
which event said court within the time designated
in such petition shall submit to such voters at
a special or regular election the proposition of
issuing bonds in such aggregate amount as may be
designated in said petition for the establishing
or enlarging of such hospital. Whenever any such
proposition shall receive a majority of the votes
of the qualified property tax payers voting at
such election, said commissioners court shall
establish and maintain such hospital and shall
have the following powers:

"1. To purchase and lease real property
thereof, or acquire such real property, and ease-
ments therein, by condemnation proceedings.

"2. To purchase or erect all necessary
buildings, make all necessary improvements and
repairs and alter any existing buildings, for
the use of said hospital. The plans for such
erection, alteration, or repair shall first be
approved by the State Health Officer, if his ap-
proval is requested by the said commissioners
court.

"3. To cause to be assessed, levied and
collected, such taxes upon the real and personal
property owned in the county as it shall deem
necessary to provide the funds for the maintenance
thereof, and for all other necessary expenditures
therefor.

"4. To issue county bonds to provide funds
for the establishing, enlarging and equipping of
said hospital and for all other necessary permanent
improvements in connection therewith; to do all
other things that may be required by law in order
to render said bonds valid.

"5. To appoint a board of managers for
said hospital.

"6. To accept and hold in trust for the
county, any grant or devise of land, or any gift
or bequest of money or other personal property
or any donation to be applied, principal or in-
come or both, for the benefit of said hospital,
and apply the same in accordance with the terms
of the gift. Acts 1913 p. 71."

The case of Seydler v. Border, 115 S.W. (2) 702,
writ of error refused, holds Article 4478, supra, to be valid
and constitutional in authorizing the establishment of a county
hospital. As a necessary component part of the right and
power to establish the hospital, the right was also given to
the Commissioners' Court to levy taxes for the maintenance
thereof. The validity of such provision would doubtless follow
the validity of the statue authorizing the construction of the
hospital.

Article 8, Section 9, of our State Constitution, as
amended by election November 7, 1944, reads as follows:

"The State tax on property exclusive of
the tax necessary to pay the public debt, and of the
taxes provided for the benefit of the public free
schools, shall never exceed thirty-five (35) cents
on the one hundred dollars valuation; and no county,
city or town shall levy more than twenty-five (25)
cents for city or county purposes, and not exceeding
fifteen (15) cents for roads and bridges, and not
exceeding fifteen (15) cents to pay jurors, on the
one hundred dollars valuation, except for the pay-
ment of debts incurred prior to the adoption of
the Amendment September 25, 1883; and for the erec-
tion of public buildings, streets, sewers, water-
works and other permanent improvements, not to ex-
ceed twenty-five (25) cents on the one hundred
dollars valuation, in any one year, and except as
is in this Constitution otherwise provided; pro-
vided, however, that the Commissioners Court in any
county may re-allocate the foregoing county taxes
by changing the rates provided for any of the fore-
going purposes by either increasing or decreasing
the same, but in no event shall the total of said
foregoing county taxes exceed eighty (80) cents on
the one hundred dollars valuation, in any one year;
provided further, that before the said Commissioners
Court may make such reallocations and changes in
said county taxes that the same shall be submitted
to the qualified property tax paying voters of such
county at a general or special election, and shall

be approved by a majority of the qualified property tax paying voters, voting in such election; and, provided further, that if and when such re-allocations and changes in the aforesaid county taxes have been approved by the qualified property tax paying voters of any county, as herein provided, such re-allocations and changes shall remain in force and effect for a period of six (6) years from the date of the election at which the same shall be approved, unless the same again shall have been changed by a majority vote of the qualified property tax paying voters of such county, voting on the proposition, after submission by the Commissioners Court at a general or special election for that purpose; and the Legislature may also authorize an additional annual ad valorem tax to be levied and collected for the further maintenance of the public roads; provided, that a majority of the qualified property tax paying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed fifteen (15) cents on the one hundred dollars valuation of the property subject to taxation in such county. And the legislature may pass local laws for the maintenance of the public roads and highways, without the local notice required for special or local laws. This section shall not be construed as a limitation of powers delegated to counties, cities or towns by any other section or sections of this Constitution."

Opinion No. 0-300 of this department holds, among other things, that the levy of a tax for county purposes would include the levy of a tax to maintain a county hospital but that under Article 8, Section 9 of the Texas Constitution that no tax could be levied for the maintenance of a county hospital which would have the effect of swelling the levy for general purposes to exceed the 25 cent constitutional limit. This opinion was written prior to the 1944 constitutional amendment, supra.

You are respectfully advised that it is the opinion of this department:

1. Assuming under the facts stated in your letter that a valid election has been had, it is our opinion that the Commissioners Court of Maverick County now has authority to assess, levy and collect taxes for the maintenance of the county hospital. See opinion No. 0-300 of this department, a copy of which is enclosed herewith. However, this tax will be for county purposes and cannot swell the county purpose tax above the constitutional limit as hereinafter more fully explained.

2.    You do not state in your letter the amount of the tax levy for county purposes of Maverick County.  It could not exceed 25 cents on the one hundred dollar valuation unless same was properly re-allocated by the method set out in Article 8, Section 9 of our State Constitution, as amended, supra, within the 80¢ total constitutional limitation.  You do state, however, that the county's maximum constitutional amount of 80¢ is already being assessed and under such statement, it is clear that no other taxes above said constitutional limit can be assessed, levied or collected for the maintenance of the county hospital.  Your second question is therefore answered in the negative.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Wm. J. Fanning
    Wm. J. Fanning
    Assistant

WJF:bt:wc

APPROVED JUN 12, 1945
s/Carlos C. Ashley
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/BWB Chairman